Bergan, J.
(dissenting). The doctrine of lex .loci delictus, whatever its other shortcomings mgy be, including a somewhat abrasive effect on inconsistent law of the forum, had at least the virtues of certainty and reckonability.
But the operation of the guest statutes of other jurisdictions worked out so differently — unjustly by New York standards — that in a series of highly debatable and debated decisions from Babcock v. Jackson (12 N Y 2d 473 [1963]) to Tooker v. Lopez (24 N Y 2d 569 [1969]) this court refused to follow the rule of lex loci delictus in special situations and applied New York law in New York litigation to motor vehicle torts occurring in other jurisdictions.
The rationale of departure from the settled rule was that New York had a greater “ concern ” or “interest” in the controversy or the parties; or had closer “ contacts ” than the jurisdiction of the situs of the accident. See Miller v. Miller (22 N Y 2d 12); Farber v. Smolack (20 N Y 2d 198), and Macey v. Rozbicki (18 N Y 2d 289). The decision in Dym v. Gordon (16 N Y 2d 120) went the other way. The direction taken and justified by the rationale of “interest” br “contact”, however, necessarily started with the court’s preference for the local rule and a belief in its greater justice.
There is a difference of fundamental character between justifying a departure from lex loci delictus because the court will not, as a matter of policy, permit a New York owner of a car licensed and insured in New York to escape a liability that would be imposed on him here; and a departure based on the fact a New York resident makes the claim for injury. The first ground of departure is justifiable as sound policy; the second is justifiable only if one is willing to treat the rights of a stranger permitted to sue in New York differently from the way a resident is treated. Neither because of “ interest ” nor “ contact ” nor any other defensible ground is it proper to say- in a court of law that the rights of one man whose suit is accepted *133 shall be adjudged differently on the merits on the basis of where he happens to live.
This crunch in the rule announced in Babcock (12 N Y 2d 473, supra) was inevitable as it worked its way into the practice. And the difficulty was recognized in Tooker (24 N Y 2d 569, supra). Although Tooker, unlike the present case, involved a New York plaintiff and thus was similar to Babcock and the cases which had followed Babcock, the opinion of the court laid it down that the New York owner of a car insured in New York would not be permitted to escape liability through the guest statute of Michigan and that this was the main ground of decision. The court in Tooker said (p. 575): “ This purpose [of a statute of another jurisdiction establishing higher standards for the recovery of guests in vehicles] can never be vindicated when the insurer is a New York carrier and the defendant is sued in the courts of this State. Under such circumstances, the jurisdiction enacting such a guest statute has absolutely no interest in the application of its law.”
The decision was 4-to-3; but a majority of the Judges expressly subscribed to the opinion by Judge Keating even though Chief Judge Fuld and Judge Burke stated additional grounds of concurrence. The quoted statement of policy in the Tooker opinion, which was the court's statement and not the view of an individual Judge has the normal binding effect of such an opinion.
Reading these words of the opinion of the court the Bar would reasonably anticipate that the more basic and justifiable ground for refusing a New York vehicle the differential benefit of a foreign statute would be applied in future. Such a rule would offer more in the way of reckonability and predictability than the elusive grouping of “ contacts ” or “ interests ”.
Hence the Appellate Division was justified in reading Tooker (24 N Y 2d 569, supra) to dismiss the asserted defense in this action. What the court is deciding today is that although it will prevent a New York car owner from asserting the defense of a protective foreign statute when a New York resident in whose rights it has an “ interest ” sues; it has no such “ interest ” when it accepts the suit in New York of a nonresident. This is an inadmissible distinction.
The order should be affirmed.
*134 Judges Burke, Scileppi a^d Gibson concur with Chief Judge Fule; thidge Breitel concurs in a separate opinion in which Judge Jasen cojiéurs; Judge Bergan dissents -and votes to'affirm in an opinion.
Orders reversed, éíc.